Peter D. Goldstein, Esq.
(PG-0967)
Attorney for Defendant
c/o GAMCO Investors, Inc.
One Corporate Center
Rye, NY 10580
Tel: 914-921-7732
Fax: 914-921-5384
E-Mail: pgoldstein@gabelli.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**DEBORAH DONOGHUE,**

    **Plaintiff,**

    - against -

**GABELLI GLOBAL DEAL FUND,**

    **Defendant.**

Case No. **2:09-cv-02580-JFB-ETB**

**ANSWER AND**
**AFFIRMATIVE DEFENSES**

---

Defendant Gabelli Global Deal Fund ("GDL"), for its answer to the Complaint of Plaintiff Deborah Donoghue ("Donoghue"), hereby responds as follows:

1.    GDL denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint.

2.    GDL admits so much of paragraph 2 of the Complaint as alleges that the principal offices of GDL are at One Corporate Center, Rye, NY 10580, and denies the remaining allegations contained in paragraph 2 of the Complaint.

3. GDL denies the allegations contained in paragraph 3 of the Complaint.

4. GDL denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint.

5. GDL denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.

6. GDL denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.

7. GDL admits so much of paragraph 7 of the Complaint as alleges that Mario Gabelli is a director of GDL, and denies the remaining allegations contained in paragraph 7 of the Complaint.

8. GDL admits so much of paragraph 8 of the Complaint as alleges that GAMCO Investors, Inc. ("GAMCO") maintains a principal place of business at One Corporate Center, Rye, NY 10580, and denies the remaining allegations contained in paragraph 8 of the Complaint.

9. GDL admits, on information and belief, so much of paragraph 9 of the Complaint as alleges that an account in the name of GAMCO purchased shares of the common stock

of GDL in December 2008 and May 2009, and denies the remaining allegations contained in paragraph 9 of the Complaint.

10.   GDL admits, on information and belief, so much of paragraph 10 of the Complaint as alleges that an account in the name of GAMCO sold shares of the common stock of GDL in October and November 2008, and affirmatively alleges, on information and belief, that some of the shares were sold at prices higher than shares purchased within the prior six-month period, and other shares were sold a prices lower than shares purchased within the prior six-month period, and denies the remaining allegations contained in paragraph 10 of the Complaint.

11.   GDL admits, on information and belief, so much of paragraph 11 of the Complaint as alleges that GAMCO realized profits on certain of its transactions in GDL common stock, and that certain such profits were recoverable under the provisions of Section 16(b) of the Securities Exchange Act of 1934, affirmatively asserts that all profits recoverable by GDL were paid to GDL, and denies the remaining allegations of paragraph 11 of the Complaint.

12.   GDL denies the allegations contained in paragraph 12 of the Complaint.

13.   GDL denies the allegations contained in paragraph 13 of the Complaint.

14.   GDL denies the allegations contained in paragraph 14 of the Complaint.

3

15. GDL denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16. GDL denies the allegations contained in paragraph 16 of the Complaint.

17. GDL denies the allegations contained in paragraph 17 of the Complaint, and affirmatively alleges that GDL was paid the sum of $8,347.66 representing short swing profits on transactions in GDL securities on behalf of GAMCO and MJG Management Inc, and that GAMCO and MJG Management Inc. paid such sum to GDL independent of any actions on the part of Plaintiff or her counsel, and not in response to or as the result of any action on the part of Plaintiff or her counsel.

18. GDL denies the allegations contained in paragraph 18 of the Complaint, and affirmatively alleges that correspondence was sent to David Lopez, counsel for Donoghue, concerning the transactions at issue, in June as well as August 2009, prior to service of the Complaint on GDL. This correspondence included documentation of the investigation that had been conducted concerning the transactions at issue, and advised Mr. Lopez, among other things, that GDL had been paid the short swing profits to which it was entitled, that the actions of Plaintiff and Mr. Lopez were not the cause of these profits being paid to GDL, and that Mr. Lopez therefore was not entitled to any legal fees.

19. GDL denies the allegations contained in paragraph 19 of the Complaint.

20. GDL denies the allegations contained in paragraph 20 of the Complaint.

21 GDL denies the allegations contained in paragraph 21 of the Complaint.

22. GDL denies the allegations contained in paragraph 22 of the Complaint.

## Affirmative Defenses

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff is not entitled to any recovery because the actions of Plaintiff, through her attorney, were not the cause of the payment of short swing profits to GDL.

### Third Affirmative Defense

Plaintiff and her counsel were on notice prior to the filing of the Complaint that GDL was aware of the transactions at issue and that there were short swing profits to which GDL was entitled, and that those short swing profits were being paid to GDL. Accordingly, Plaintiff is estopped from now claiming any right to legal fees or costs.

**WHEREFORE**, GDL respectfully requests that the Court enter judgment against Donoghue as follows:

1.   Dismissing the Complaint against GDL;

2.   An award of the costs of this action, together with GDL's reasonable attorneys' fees; and

3.   Such other and further relief as the Court may deem just and proper.

Dated: Rye, New York
       October 7, 2009

                                        Peter D. Goldstein

                           By: _____
                                    Peter D. Goldstein
                                    PG-0968
                                    Attorney for Defendant
                                    The Gabelli Global Deal Fund

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**DEBORAH DONOGHUE,**

Plaintiff,

- against -

**GABELLI GLOBAL DEAL FUND,**

Defendant.

Case No. 2:09-cv-02580-JFB-ETB

**CERTIFICATE OF SERVICE**

---

Peter D. Goldstein hereby certifies that he caused a true copy of the foregoing Answer and Affirmative Defenses to be served via Overnight Delivery on October 7, 2009, upon:

> David Lopez, Esq.
> Attorney at Law
> 171 Edge of Woods Road
> Southampton, NY 11968

Dated: Rye, New York
October 7, 2009

Peter D. Goldstein

By: _____

Peter D. Goldstein (PG-0967)
Attorney for Defendant
The Gabelli Global Deal Fund